UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JESSICA GARCIA,

                            Plaintiff,

        -against-

Police Officer BOBBY GLOVER, Shield No. 14082; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jessica Garcia ("plaintiff" or "Ms. Garcia") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Bobby Glover, Shield No. 14082 ("Glover"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Glover is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 3:15 p.m. on December 12, 2012, plaintiff was lawfully

exiting her apartment building at 390 Sutter Avenue in Brooklyn, New York.

12. Ms. Garcia was meeting her boyfriend, who was waiting outside, in the driver's side of plaintiff's car as he had been driving the vehicle that day.

13. As Ms. Garcia exited her building, she observed her boyfriend outside of the car and surrounded by defendants.

14. When Ms. Garcia asked what was going on a defendant officer cursed at her.

15. Seeing her car unattended, she asked the defendant if she could move her car. The defendant officer said yes, but when she got into the vehicle defendant stood in front of her car blocking it.

16. Without probable cause or reasonable suspicion to believe she had committed any crime or offense, defendant approached the vehicle and aggressively took hold of Ms. Garcia's arm and pulled her by her hair.

17. Defendant then grabbed Ms. Garcia by her neck, slammed her head down toward the passenger side of the vehicle and violently pushed her out of the opened door of the passenger side of the car.

18. Ms. Garcia's face struck the ground when defendant pushed her out of the car.

19. Ms. Garcia was handcuffed and taken to a police precinct.

20. Ms. Garcia had never before been arrested.

21. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit various crimes, including improperly parking or stopping her vehicle and prepared false paperwork to that effect, including an arrest report.

22. Defendants knew that Ms. Garcia had not been operating her vehicle at the time in questions; nor had plaintiff committed any crime that day.

23. After approximately twelve hours at the precinct, Ms. Garcia was taken to Central Booking where she remained for an additional twelve hours.

24. Plaintiff was arraigned in Kings County Criminal Court and released on her own recognizance.

25. After making several criminal court appearances, the criminal charges against Ms. Garcia were adjourned in contemplation of dismissal on or about April 4, 2013.

26. Ms. Garcia suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Unreasonable Force**

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The individual defendants created false evidence against plaintiff.

38. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

39. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   September 5, 2013
         New York, New York

                             HARVIS WRIGHT
                             SALEEM & FETT LLP

                             _____
                             Baree N. Fett
                             305 Broadway, 14th Floor
                             New York, New York 10007
                             (212) 323-6880
                             bfett@hwsflegal.com

                             *Attorneys for plaintiff*